**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-5189**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

JULIO CESAR GARCIA, a/k/a Pedro Aguilares,
a/k/a Juan Carlos Sermeno-Rivera, a/k/a Juan
Sermeno-Rivera, a/k/a Juan Sermeno, a/k/a
Julio Nolasco-Garcia, a/k/a Carlos Garcia-
Nolasco, a/k/a Carlos Alvarez, a/k/a Juan
Carlos Alvarado, a/k/a Pedro Antonio Alvarez,
a/k/a Manuel Jesus Balladares, a/k/a Carlos
Rivera, a/k/a Juan Carlos Garcia,

                                        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Claude M. Hilton, Senior
District Judge.  (1:06-cr-00210)

———————

Submitted:  June 20, 2007            Decided:  July 11, 2007

———————

Before WILLIAMS, Chief Judge, WILKINSON, Circuit Judge, and
HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael S. Nachmanoff, Federal Public Defender, Anne M. Chapman,
Assistant Federal Public Defender, Sapna Mirchandani, Research and
Writing Attorney, Alexandria, Virginia, for Appellant. Charles P.
Rosenberg, United States Attorney, David B. Joyce, Special

Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Julio Cesar Garcia was convicted of illegal reentry by a deported alien following a conviction for an aggravated felony, 8 U.S.C. § 1326(a), (b) (2000). Garcia now appeals his 110-month sentence. We affirm.

Garcia's base offense level was 8, see U.S. Sentencing Guidelines Manual § 2L1.2(a) (2005). Sixteen levels were added because Garcia previously was deported subsequent to a conviction for a crime of violence. See USSG § 2L1.2(b)(1)(A)(ii). His total offense level was 24, his criminal history category was VI, and his resulting advisory guideline range was 100-125 months. Prior to sentencing, the parties filed sentencing memoranda addressing whether Garcia should receive an adjustment to his offense level based on acceptance of responsibility. See USSG § 3E1.1. The parties addressed how the sentencing factors set forth at 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006) should apply to Garcia. The parties also addressed these matters at sentencing.

The district court determined that there was no basis upon which to grant an adjustment for acceptance of responsibility. The court found that the guideline range had been correctly calculated, and the court sentenced Garcia to 110 months in prison. The court did not offer reasons for imposing this sentence; notably, the court did not address any of the § 3553(a) factors.

On appeal, Garcia contends that his sentence is procedurally unreasonable because it is longer than necessary. He also contends that he was entitled to the adjustment based on his acceptance of responsibility and that the district court committed reversible error when it did not address the relevant § 3553(a) factors in pronouncing sentence.

After United States v. Booker, 543 U.S. 220 (2005), a sentence must be "within the statutorily prescribed range and . . . reasonable." United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005)(citations omitted). "[A] sentence within the properly calculated Guideline range . . . is presumptively reasonable." United States v. Green, 436 F.3d 449, 455-56 (4th Cir.) (internal quotation marks and citation omitted), cert. denied, 126 S. Ct. 2309 (2006).

Garcia's 110-month sentence falls within the statutory range of up to twenty years in prison. See 8 U.S.C. § 1326(b)(2). Moreover, his advisory guideline range was correctly calculated. In this regard, Garcia was not entitled to a reduction based on acceptance of responsibility because he put the Government to its burden of proof at trial. See Elliott v. United States, 332 F.3d 753 (4th Cir. 2003). Under Green, the sentence is presumptively reasonable.

Garcia correctly states that the district court failed to provide any explanation for imposing sentence and complains

particularly that the court failed to address the factors set forth in § 3553(a). Because he raises these matters for the first time on appeal, our review is for plain error. <u>See</u> Fed. R. Crim. P. 52(b); <u>United States v. Olano</u>, 507 U.S. 725, 731-32 (1993). We conclude that, although the district court committed plain error, the error did not affect Garcia's substantial rights because he failed to establish that he would have received a lower sentence but for the error. We note that, while the district court did not address the sentencing factors in open court, he imposed sentence immediately after hearing argument on their applicability.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>