[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 09, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-12609

_____

D. C. Docket No. 04-60090 CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEVON HOWARD TOEPFER,

Defendant-Appellant.

_____

No. 06-12718

_____

D. C. Docket No. 04-60090 CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFREY ERIC TOEPFER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 9, 2008)**

Before WILSON, COX and BOWMAN[*], Circuit Judges.

PER CURIAM:

In this consolidated appeal, Devon Howard Toepfer challenges several of the district court's evidentiary rulings as well as the 140-month sentence the court imposed after a jury found him guilty of conspiring to manufacture and possess with intent to distribute marijuana, 21 U.S.C. §§ 841 and 846; manufacturing and possessing marijuana with intent to distribute, id. § 841; and distributing diazepam, id. Jeffrey Eric Toepfer appeals the 123-month sentence the district court imposed after he pleaded guilty to conspiring to manufacture and possess with intent to distribute marijuana, 21 U.S.C. §§ 841 and 846; manufacturing and possessing marijuana with intent to distribute, id. § 841; and conspiring to launder money, 18 U.S.C. § 1956.

*I. Devon.* We review a district court's evidentiary rulings for abuse of

_____

[*]Honorable Pasco Bowman, II, United States Circuit Judge for the Eighth Circuit, sitting by designation.

discretion, United States v. Miles, 290 F.3d 1341, 1351 (11th Cir.) (per curiam), cert. denied, 537 U.S. 1089 (2002), and we review questions of constitutional law de novo, United States v. Brown, 364 F.3d 1266, 1268 (11th Cir.), cert. denied, 543 U.S. 879 (2004). Devon first argues that the court's refusal to suppress recordings of his conversations with confidential informant Mark Hastings and unindicted co-conspirator Dan Boller amounted to a violation of his Sixth Amendment right to confrontation and the Supreme Court's holding in Crawford v. Washington, 541 U.S. 36, 68 (2004). In Crawford, the Court held that the Sixth Amendment operates to exclude only "testimonial" hearsay of a declarant who is unavailable at trial and who the defendant had no prior opportunity to cross-examine. Id. at 68. Moreover, the Sixth Amendment right to confrontation "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." Id. at 60 n.9; see United States v. Byrom, 910 F.2d 725, 737 (11th Cir. 1990) (noting that a confidential informant's statements in a taped conversation with defendant are admissible to provide context, so long as the informant's statements are not admitted for the truth asserted). Here, the recorded statements of Hastings and Boller were not used to prove the truth of the matters asserted in those statements. Rather, the statements were offered merely to provide context to Devon's admissions about his activities, knowledge, and intent, and thus

3

did not run afoul of the Confrontation Clause. See, e.g., United States v. Hendricks, 395 F.3d 173, 183–84 (3d Cir. 2005). Accordingly, the District Court's admission of the recordings did not violate Devon's Sixth Amendment right to confrontation or the Supreme Court's holding in Crawford because the statements were not offered for the truth of the matters asserted therein.

Devon also argues that the court's refusal to suppress the Hastings and Boller recordings violated his Sixth Amendment right to counsel because at the time of the recordings, he was represented in a state matter. Devon's argument is unavailing. The Sixth Amendment right to counsel is offense-specific and does not attach to uncharged crimes—even if those crimes are factually related to the crime for which formal proceedings have been initiated. Texas v. Cobb, 532 U.S. 162, 173 (2001). Devon was arrested November 8, 2001, on state misdemeanor charges for possession of drug paraphernalia. When prosecution on those charges commenced, his Sixth Amendment right to counsel attached with respect to those charges. See McNeil v. Wisconsin, 501 U.S. 171, 175 (1991) (noting that right to counsel attaches "at or after the initiation of adversary judicial criminal proceedings" (citations omitted)). When the state charges were dismissed on October 24, 2002, however, Devon's Sixth Amendment right to counsel on those charges was extinguished. See United States v. Alvarado, 440 F.3d 191, 196 (4th

4

Cir.), cert. denied, 127 S. Ct. 81 (2006). The recorded conversations with Hastings occurred on June 22, 2000, before Devon was represented by counsel on the state charges. The recorded conversations with Boller occurred on February 13 and 25, 2003, after the state charges had been dismissed and Devon's Sixth Amendment right to counsel on those charges had been extinguished. Accordingly, Devon's Sixth Amendment right to counsel with respect to the state charges does not provide a basis for excluding the Hastings and Boller recordings from his trial on federal charges.

Devon also contends that admission of the recordings violated his Fifth Amendment right to counsel. The Fifth Amendment right to counsel may be invoked only during custodial interrogation or when such interrogation is imminent but, unlike the Sixth Amendment right to counsel, it is not offense-specific. United States v. Grimes, 142 F.3d 1342, 1348 (11th Cir. 1998), cert. denied, 525 U.S. 1088 (1999). Because Devon's recorded statements to Hastings and Boller were not the product of custodial interrogation, the Fifth Amendment right to counsel does not provide a basis for exclusion of this evidence.

To the extent Devon argues that the government engaged in outrageous misconduct amounting to a due process violation and requiring exclusion of the recordings, he has failed to provide any evidence to support those allegations. See

5

United States v. Russell, 411 U.S. 423, 432 (1973) (requiring proof that government conduct was a violation of "fundamental fairness or shocking to the universal sense of justice" (citations omitted)).

Devon next argues that the district court erred in refusing to suppress the evidence seized from his van and his condominium after his November 2001, arrest on state charges. With respect to the drug paraphernalia seized from Devon's van, because Devon failed to provide any substantive argument on the merits of this issue in his briefing to this Court, electing instead to rely on the suppression motions he filed in the district court, we consider this argument waived. See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (deeming issue waived where party failed to include substantive argument and made only passing reference to the order appealed from). And even if Devon had not waived this argument on appeal, there was probable cause to stop the van and arrest Devon after officers observed the van's driver commit a traffic infraction, see United States v. Holloman, 113 F.3d 192, 194 (11th Cir. 1997) (per curiam) (noting that an otherwise valid traffic stop is not made illegal when used as subterfuge to advance drug interdiction efforts), and saw the drug paraphernalia in plain sight through the van's windows, see Horton v. California, 496 U.S. 128, 130 (1990) (holding that officers may seize evidence in plain view without a warrant).

After Devon was arrested and the paraphernalia was seized from his van, officers sought a search warrant for Devon's condominium. The officers prepared a search warrant affidavit describing their extensive experience investigating marijuana grow houses, the circumstances of Devon's arrest, the drug paraphernalia recovered from the van, and the fact that a certified narcotics-detection dog had alerted to the odor of drugs at the front door of Devon's condominium unit. The affidavit was sufficient to establish the probable cause necessary to support the issuance of a search warrant for Devon's condominium. See, e.g., United States v. Banks, 3 F.3d 399, 402 (11th Cir. 1993) (per curiam) (holding that probable cause is established when drug-trained canine alerts to drugs), cert. denied, 510 U.S. 1129 (1994). In short, the district court did not abuse its discretion by admitting the evidence obtained from the search of Devon's van and condominium.

Devon argues that for purposes of calculating his sentencing range under the advisory guidelines, the district court was obligated to use the number of marijuana plants found by the jury in its special verdict. After carefully reviewing the record, particularly those pages of the transcript identified in Devon's brief, we find no support for Devon's assertion that the government and the district court consented to be bound at sentencing by the jury's determination of drug quantity in Devon's trial. Moreover, even if there was an agreement between Devon and the

7

government, the agreement would not preclude the district court from fulfilling its obligation under the Sentencing Guidelines to conduct independent findings of fact necessary for imposing a reasonable sentence. Cf. United States v. Forbes, 888 F.2d 752, 754 (11th Cir. 1989) (holding that sentencing court is not bound by stipulations of fact in plea agreement).

Devon contends that the district court violated his constitutional rights by imposing a sentence based on acquitted conduct, on criminal acts committed outside the relevant statute of limitations, and on a drug quantity greater than that found by the jury. We disagree. Because the district court applied the guidelines in an advisory manner as required under Booker v. United States, 543 U.S. 220, 264 (2005), and Devon's sentence did not exceed the statutory maximum allowed by the jury verdict, see Rita v. United States, 127 S. Ct. 2456, 2465–66 (2007), the court did not violate Devon's Fifth or Sixth Amendment rights by calculating his sentence based on judge-found facts, including acquitted conduct, see United States v. Duncan, 400 F.3d 1297, 1304–05 (11th Cir.), cert. denied, 546 U.S. 940 (2005), criminal acts outside the statute of limitations period, United States v. Behr, 93 F.3d 764, 765–66 (11th Cir. 1996), and a drug quantity greater than that found by the jury, United States v. Chau, 426 F.3d 1318, 1323–24 (11th Cir. 2005) (per curiam).

Nor did the court err by enhancing Devon's sentence based on his leadership role in the conspiracy because the government proved by a preponderance that Devon exercised some degree of control, influence, or leadership over the organization. See United States v. Yates, 990 F.2d 1179, 1182 (11th Cir. 1993) (per curiam).

We are unpersuaded by Devon's argument that the district court erred by failing to make particularized findings concerning the drug quantity for which he was responsible. A "defendant is accountable for all quantities of [drugs] with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of [drugs] that were within the scope of the criminal activity that he jointly undertook." U.S.S.G. § 1B1.3 cmt. n.2. The district court generally must make individualized findings concerning the scope of criminal activity undertaken by a defendant before determining the drug quantities reasonably foreseeable in connection with that level of activity. United States v. Ismond, 993 F.2d 1498, 1499 (11th Cir. 1993). "If the court does not make individualized findings, the sentence may nevertheless be upheld if the record supports the amount of drugs attributed to a defendant." Id. Based on our review of the record, including the trial and sentencing transcripts and the PSI, we conclude that the district court had ample evidence to support its findings that

Devon was directly involved with and responsible for the 3,744 marijuana plants found by the district court.

Devon argues for the first time on appeal that the district court committed procedural sentencing error under Booker because the court failed to consider the 18 U.S.C. § 3553(a) factors in calculating his sentence. We have held that "it is the defendant's burden, *in the district court*, to object to procedural irregularities based on Booker. Absent an objection, we will review such claims for only plain error." United States v. Ochoa-Garcia, No. 07-11740, 2007 WL 3120315, at *5 (11th Cir. Oct. 26, 2007) (unpublished per curiam) (adopting the reasoning in United States v. Lopez-Flores, 444 F.3d 1218, 1221 (10th Cir. 2006), cert. denied, 127 S. Ct. 3043 (2007)); United States v. Villafuerte, 502 F.3d 204, 208 (2d Cir. 2007) (conducting plain-error review of an unpreserved claim that the method used to calculate a defendant's sentence was unreasonable); United States v. Garcia, 233 F. App'x 311, 312 (4th Cir. 2007) (unpublished per curiam) (same), cert. denied, 128 S. Ct. 1108 (2008); United States v. Knows His Gun, 438 F.3d 913, 918 (9th Cir.) (same), cert. denied, 547 U.S. 1214 (2006).

Under plain-error review, the defendant must establish that the district court committed an error, that the error was plain, and that the error affected his substantial rights. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.),

10

cert. denied, 545 U.S. 1127 (2005). If the defendant can establish these facts, we may exercise our discretion to notice the forfeited error, but will do so only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

Even if we assume that the district court committed plain error by neglecting to consider the § 3553(a) factors at Devon's sentencing, Devon cannot show that the error affected his substantial rights. For an error to affect substantial rights, it "must have been prejudicial: It must have affected the outcome of the district court proceedings." United States v. Olano, 507 U.S. 725, 734 (1993). Devon points to no evidence in the record showing that if the district court had explicitly considered the § 3553(a) factors, the court would have imposed a different sentence. Because Devon cannot show that the error affected his substantial rights, his argument asserting procedural sentencing error must fail.

Finally, we decline to consider Devon's claims of ineffective assistance of counsel as those claims are more appropriately raised in a collateral proceeding. See United States v. Bender, 290 F.3d 1279, 1284 (11th Cir.), cert. denied, 537 U.S. 1037 (2002).

*II. Jeffrey.* At his change of plea hearing, Jeffrey admitted to the offenses outlined in the superseding indictment but declined to admit to the number of

11

marijuana plants for which he was responsible, insisting that there were not more than 1,000 plants and that the district court must sentence him based on the number of plants found by the jury in Devon's trial.

With the government's drug-quantity witnesses present and prepared to testify, Jeffrey's attorney stated at the sentencing hearing, "Based on the PSI in this case . . . , we understand that there would be certain testimony from witnesses and we are willing to . . . permit the Court to rule on . . . what is listed in the PSI as to both the amount of plants, the leadership role and the other enhancements."  Tr. of Sent. at 2–3.  In response, the government did not call its drug-quantity witnesses, abandoned its arguments for a three-level enhancement under U.S.S.G. § 2J1.7, and conceded to a three-level departure for acceptance of responsibility.  The district court then found that the drug quantity was "correctly computed at . . . 5,350 plants.  I recognize that the defense maintains that the Court should accept the jury verdict in [Devon's] case of 661 plants, but I do not."  Id. at 8.

Because Jeffrey invited the district court to rule on drug quantity based on the 5,350 plants described in the PSI, electing not to put the government to its burden of proof at the sentencing hearing, Jeffrey cannot now complain that the government failed to present evidence regarding the number of plants for which he was responsible.  See United States v. Stone, 139 F.3d 822, 838 (11th Cir. 1998)

12

(per curiam) (noting that appellate court generally will not review an error invited by a defendant).

To the extent that Jeffrey raises the same arguments raised by Devon regarding the district court's obligation to use the jury's drug-quantity finding to impose Jeffrey's sentence, the court's consideration at sentencing of acquitted conduct and criminal acts outside the statute of limitations, and the court's failure to make particularized findings regarding the extent of Jeffrey's involvement in the conspiracy, we reject those arguments for the reasons already explained.

The district court did not err by enhancing Jeffrey's sentence based on his leadership role in the conspiracy. Based on the facts in the PSI, the district court was presented with ample evidence to conclude that Jeffrey exercised some degree of control, influence, or leadership over the organization. See Yates, 990 F.2d at 1182.

Finally, we reject Jeffrey's argument that because the district court failed to adequately consider the § 3553(a) factors, his sentence is unreasonable. Assuming that Jeffrey preserved this argument for appeal, we conclude that the district court adequately considered the § 3553(a) factors and imposed a reasonable sentence.

At his sentencing hearing, Jeffrey argued for a sentence at the low end of the advisory guidelines range based on his history and characteristics. The

13

government countered that the sentence should be on the high end of the guidelines range based on Jeffrey's criminal conduct while on supervisory release and his lack of rehabilitation. After "consider[ing] the statements of all the parties," the court imposed a sentence of 123 months' imprisonment, a sentence within the advisory guidelines range. Tr. of Sent. at 14. "[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in [§] 3553(a) is sufficient under Booker." United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam); see also Rita, 127 S. Ct. at 2468 (holding that a district court's brief statement of reasons for a within-guidelines sentence was sufficient). Contrary to Jeffrey's contentions, the record reflects that the parties presented evidence and argument addressing the § 3553(a) factors, which the district court adequately acknowledged and considered in imposing Jeffrey's sentence.

For the reasons stated above, we AFFIRM the conviction and sentence of Devon Howard Toepfer and the conviction and sentence of Jeffrey Eric Toepfer.

14