**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-5084**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

       v.

MARCO FLORES-ANSENCIO,

               Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:07-cr-00178-REP-1)

Submitted: October 21, 2008          Decided:  October 23, 2008

Before MICHAEL, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Robert J. Wagner, Assistant Federal Public Defender, Richmond, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, Richard D. Cooke, S. David Schiller, Assistant United States Attorneys, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcos Flores-Ansencio pled guilty to illegal reentry, in violation of 8 U.S.C. § 1326(a) (2000), and was sentenced to twelve months' imprisonment, a sentence at the top of the advisory guideline range suggested by the federal sentencing guidelines. He appeals his sentence, asserting that it was unreasonable and claiming that the district court failed to provide a sufficient statement of reasons for the sentence. We affirm.

Flores-Ansencio did not contest the adequacy of the district court's explanation for his sentence below, thus we review for plain error his present claim on appeal. United States v. Olano, 507 U.S. 725, 731 (1993). When reviewing a sentence for reasonableness, we first determine whether the district court committed any procedural error, such as failing to calculate the guideline range properly, consider the § 3553(a) factors, or explain the sentence adequately, and then decide whether the sentence is substantively reasonable. Gall v. United States, 128 S. Ct. 586, 597-98 (2007). While a district court must consider the various § 3553(a) factors and explain its sentence, it need not explicitly reference § 3553 or discuss every factor on the record, particularly when the court imposes a sentence within the guideline range. United States v. Johnson, 455 F.3d 339, 345 (4th Cir. 2006). Here, the district

Court followed the necessary procedural steps. It is clear from the record that the district court considered the § 3553(a) factors with respect to this defendant and that it considered Flores-Ansencio's arguments at sentencing. There was no need for further elaboration by the district court. See United States v. Montes-Pineda, 436 F.3d 375, 380 (4th Cir. 2006).

The appeals court must also consider the substantive reasonableness of the sentence. Gall, 128 S. Ct. at 597. A sentence within a properly calculated guideline range, as Flores-Ansencio's sentence was, may be accorded a presumption of reasonableness. See Rita v. United States, 127 S. Ct. 2456, 2462 (2007). Flores-Ansencio does not contest the calculation of his guideline range, and the district court sentenced him within the properly-calculated range. As noted, the district court imposed the sentence after considering the arguments at the sentencing hearing, including Flores-Ansencio's request for leniency, and the § 3553(a) factors. The district court expressly rejected his request for leniency, noting that Flores-Ansencio had failed to take advantage of the numerous opportunities for leniency previously received and that his previous deportation did not deter him from re-entering the country illegally. We conclude that his sentence was reasonable.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED