# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3923

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Harold R. Eads, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: October 13, 2008
Filed: May 14, 2009

_____

Before COLLOTON, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Harold Eads pled guilty to possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). The district court[1] sentenced Eads to 18 months' imprisonment, at the bottom of the advisory guidelines range. Eads appeals, arguing that the district court failed adequately to address the sentencing factors in 18 U.S.C. § 3553(a). We affirm.

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

On November 21, 2006, a confidential informant ("CI") contacted a detective with the Kansas City, Missouri, police department. The CI stated that Eads had offered to pay $2,000 to the CI and to forgive a prior drug debt, if the CI threw a hand grenade into the residence of a man with whom Eads recently had an altercation. Eads gave the CI the grenade, drove the CI to the residence, and instructed the CI how and where to deploy the grenade. After Eads dropped off the CI, police arrested Eads. A search of his car uncovered 345 grams of marijuana, a loaded pistol, and a magazine containing bullets, all of which were located under the driver's seat. The officers also recovered the hand grenade from an abandoned residence where the CI had left it. After further examination, law enforcement determined that the grenade did not contain any live explosives.

Eads was convicted of unlawfully possessing the loaded firearm found in the vehicle. During the sentencing hearing, Eads urged the district court to impose a sentence below the advisory guideline range of 18 to 24 months' imprisonment. He argued that he carried the firearm to defend himself against an accused murderer named Joseph Green, who had threatened him and his family as a result of Eads's participation in the Green murder investigation. He also claimed that he had made "a huge turnaround in his life" over the past year by staying employed, remaining drug-free, and trying to enlist in the military pending resolution of his criminal offenses. In support of his personal progress, Eads submitted letters from his parents, his employer, and an army recruiter.

The district court acknowledged that Eads might have possessed the firearm for self-protection, but noted that he was involved in drug activity, and that the grenade incident was a "serious matter." The court then discussed most of the § 3553(a) factors, noting that 18 months' imprisonment was consistent with the sentencing guidelines and reflected the seriousness of the offense, as well as the need for just punishment, adequate deterrence, respect for the law, and protection of the public. The court did not specifically address Eads's argument that he had turned his life

around by remaining drug-free and staying employed. That omission, Eads claims, constitutes procedural error, because the court is required to consider the § 3553(a) factors as a whole, including the "history and circumstances of the defendant," of which his personal turnaround is a unique part. Because Eads did not object at sentencing to the adequacy of the district court's explanation or consideration of § 3553(a), we review for plain error. *United States v. Gray*, 533 F.2d 942, 946 (8th Cir. 2008).

We conclude that the district court did not commit procedural error. A sentencing court need not "categorically rehearse each of the section 3553(a) factors on the record when it imposes a sentence as long as it is clear that they were considered." *United States v. Austad*, 519 F.3d 431, 436 (8th Cir. 2008) (internal quotation omitted). If a district court "references some of the considerations contained in § 3553(a), we are ordinarily satisfied that the district court was aware of the entire contents of the relevant statute." *Gray*, 533 F.3d at 944 (quoting *United States v. Perkins*, 526 F.3d 1107, 1111 (8th Cir. 2008)). Although a judge will normally explain why he has rejected a defendant's non-frivolous arguments for a variance, "not every reasonable argument advanced by a defendant requires a specific rejoinder by the judge." *Id.*

Here, the district court clearly considered the § 3553(a) factors. The court stated that a sentence of 18 months was "reflective of the seriousness of the offense and promotes respect for the law and provides just punishment for the offense and additionally affords adequate deterrence . . . and further serves to protect the public and is consistent with the recommendation of the sentencing guidelines." S. Tr. at 32. The court heard Eads's argument concerning his personal turnaround, and although the court did not specifically address it, we can infer in this conceptually simple case that the court found the circumstances insufficient to justify a more lenient sentence. *See Rita v. United States*, 127 S. Ct. 2456, 2468-69 (2007); *Gray*, 533 F.3d at 946. Moreover, the court *did* address Eads's principal argument in mitigation, namely, that

-3-

he carried the weapon for self-protection. The court did not doubt that Eads carried the firearm in part to protect himself against Green, but was persuaded by the grenade incident that Eads did not possess weaponry exclusively for self-defense.

A sentencing court need not issue "a full opinion in every case," and the extent of a court's explanation is a matter left largely to the court's professional judgment. *Rita*, 127 S. Ct. at 2468. We are satisfied that the district court in this case adequately considered the arguments, evidence, and § 3553(a) factors before imposing a sentence within the advisory guideline range.

The judgment of the district court is affirmed.

_____