Vacated and remanded with instructions by unpublished opinion. Judge GREGORY wrote the opinion, in which Judge DAVIS joined. Chief Judge TRAXLER wrote a dissenting opinion.
Unpublished opinions are not binding precedent in this circuit.
GREGORY, Circuit Judge:
Following his extradition to the United States, Appellant Giuseppe Pileggi was convicted of numerous counts of fraud based on operating a fraudulent sweepstakes scheme out of Costa Rica targeting U.S. citizens. The district court then sentenced Pileggi to 600 months in prison. Pileggi now argues that the district court arrived at this sentence by relying on clearly erroneous facts, thus making his term of imprisonment procedurally unreasonable. For the reasons set forth below, *476 we vacate Pileggi’s sentence and remand for resentencing.
I.
Pileggi, a fifty year-old Canadian citizen who lived in San Jose, Costa Rica, and more than four dozen co-conspirators ran an elaborate fraudulent sweepstakes scheme operating out of Costa Rica that primarily targeted elderly citizens of the United States. In total, at least 600 to 650 people were victimized, and the scheme grossed $8,381,962 from April 2003 until May 2006. (J.A. 48, 554, 764.)[1]
On May 16, 2006, Costa Rican authorities searched sixteen sites for evidence relating to the fraud, including Pileggi’s home and car accessory business. At the request of the United States, Pileggi was then taken into custody by Costa Rican authorities on May 16, 2006. Pileggi remained in Costa Rican jail until the United States reached an agreement with Costa Rica for his extradition.
The agreement, dated October 27, 2006, between Costa Rica and the United States was reflected in a diplomatic note. The “Diplomatic Note of Assurances between the United States and Costa Rica” provided that “Costa Rica requested assurances that, upon extradition to the United States ... Giuseppe Pileggi ... will not be subjected to the death penalty or life imprisonment.” (J.A. 16.) In response, the United States assured “the Government of Costa Rica that if extradited.... Giuseppe Pileggi ... will not receive a penalty of death or one that requires that [he] spend the rest of [his] natural [life] in prison.” (J.A. 17.)[2]
On December 5, 2006, Pileggi was indicted in the U.S. District Court for the Western District of North Carolina for one count of conspiracy to commit wire fraud, mail fraud and travel fraud, in violation of 18 U.S.C. § 371 (2006), and twenty-two counts of wire fraud, in violation of 18 U.S.C. §§ 1343 & 2.[3] On January 31, 2008, Pileggi was convicted on all counts,[4] and sentencing was set for September 24, 2008.
Prior to sentencing, a Presentence Investigation Report (“PSR”) was generated by the United States Department of Probation. The PSR stated that “based on a total offense level of 43 and a criminal history category of I [Pileggi had no prior convictions], the guideline range for imprisonment is life.” (J.A. 826.) The PSR section entitled “Circumstances That May Warrant Departure” mentions that an extradition treaty between the United States and Costa Rica governs the extradition relationship between the two countries. (J.A. 828.) Additionally, the PSR accurately stated the terms of the Diplomatic Note. At the same time, the PSR suggested “imposing a sentence where a portion of these counts run concurrently in order to achieve a sentence of 540 months (or 45 years) which is essentially a life sentence for this defendant.” (Id.)
At sentencing, the Government made the following misrepresentation about the assurances it provided to Costa Rica: “the United States, we gave a sentencing assurance to the government of Costa Rica that we would not seek a sentence in excess of 50 years.” (J.A. 756.) When the court asked if this bound the court or the executive branch, the Government responded, “I think technically what it says is that the *477 United States, the executive branch will not seek a sentence in excess of fifty years or death.” (Id.)
At the conclusion of the hearing, the district court determined that it was unable to render a life sentence based on the statutory máximums for the counts on which Pileggi was convicted. (J.A. 762-63.) Rather, it found that it must sentence him to a term of months. After a review of the factors set out in 18 U.S.C. § 3553 and the Government’s representation that it assured Costa Rica that it could not seek a sentence greater than fifty years, the court sentenced fifty year-old Pileggi to 600 months (fifty years) of incarceration, followed by three years of supervised release.[5]
II.
Pileggi contends that his sentence is procedurally unreasonable. We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). When reviewing reasonableness, we “must first ensure that the district court committed no significant procedural error,” which includes: “failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range.” Id.
Pileggi did not, however, raise the issue of his sentence’s procedural reasonableness below. When a defendant fails to object to the procedural reasonableness of a given sentence, appellate courts are split over whether plain-error review applies.[6] To prevail under plain error review, Pileg-gi must demonstrate that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). If these three elements are met, this Court may exercise its discretion to notice error only if the error “seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.” Id. (internal quotation marks and citations omitted); United States v. Hughes, 401 F.3d 540, 547-48, 550 (4th Cir.2005). We need not decide whether plain-error or reasonableness review applies here because under either standard, Pileggi’s sentence is procedurally unreasonable.
III.
Pileggi contends that the district court committed a significant procedural error when it sentenced him to 600 months of imprisonment. Specifically, Pileggi argues that the district court relied on clearly erroneous facts to arrive at the sentence, namely the Government’s misrepresenta *478 tion concerning the diplomatic assurances given to Costa Rica to secure Pileggi’s extradition. We agree.
The United States provided the Costa Rican authorities with diplomatic assurances, one of which was that a number of suspects, including Pileggi, would not receive the death penalty or a sentence that requires he spend the rest of his natural life in prison. Rather than providing this information to the court, the Government informed the court that the United States had assured Costa Rican authorities that “the executive branch will not seek a sentence in excess of fifty years or death.” (J.A. 756.) Although we accept that the misstatement was inadvertent, the statement put indisputably false information before the district court during sentencing. Furthermore, at no time was the error corrected. The Government instead sought a fifty-year sentence, arguing that “a sentence of 50 years in a crime so extraordinarily heinous warrants this kind of sentence.” (J.A. 760.)
The district court then considered that the Guidelines provided a sentencing range of life, but that the court was bound by statutory máximums to sentence Pileggi to a term of months. The PSR did not mention or recommend that Pileggi receive a sentence of fifty years. Rather, it noted that “the Court may wish to consider imposing a sentence where a portion of [the] counts run concurrently in order to achieve a sentence of 540 months (or 45 years) which is essentially a life sentence for this defendant.” (J.A. 799.) The court then sentenced Pileggi to 600 months (fifty years) of imprisonment. The only mention of a fifty-year sentence came during the Government’s misrepresentation of the diplomatic assurances. Therefore, in sentencing Pileggi to a term of fifty years, the court relied on clearly erroneous facts, which is a significant procedural error. Gall, 552 U.S. at 51, 128 S.Ct. 586.
Under plain-error review, there is no doubt that this significant procedural error is plain. Moreover, this error affected Pi-leggi’s substantial rights because it affected his sentence. See United States v. Basham, 561 F.3d 802, 334 (4th Cir.2009) (noting that an error that affects “the outcome of the penalty phase” is an error affecting a substantial right). Given the Government’s misrepresentation, we have zero confidence that had the district court known the true content of the assurances provided to Costa Rica, it would have sentenced Pileggi to 600 months in prison. The only reference during sentencing to the assurances provided to Costa Rica was erroneous, and the sentence arrived at by the court mirrored the Government’s misstatement. In addition, no information independent from the misstatement was before the court that suggested a sentence of fifty years in prison.
Finally, while we harbor no doubt as to Pileggi’s guilt or the seriousness of his crimes, there is no question that this sentencing error “seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.” Olano, 507 U.S. at 732, 113 S.Ct. 1770. The district court relied on false information given to it by the Government to arrive at a term of imprisonment that exceeded Pileggi’s life expectancy. This reliance by the district court on the Government’s misstatement is a fundamental affront to the fairness and integrity of judicial proceedings. The Government contends that the district court properly calculated Pileggi’s Guidelines range, treated the Guidelines as advisory, considered the applicable 18 U.S.C. § 3553(a) factors, and explained its reasoning. This argument entirely neglects that the Supreme Court has unambiguously held that a sentence is procedurally unreasonable if “based on clearly erroneous facts.” Gall, 552 U.S. at 51, 128 S.Ct. 586.
*479 IV.
Because the district court found that it “just [did] not believe a man that could target elderly individuals and deprive them of their life savings [would] be a productive citizen at any time in his life,” (J.A. 768-65), and then arrived at a de facto life sentence using clearly erroneous facts, we vacate Pileggi’s 600-month sentence and remand with instructions that the case be reassigned for resentencing.

VACATED AND REMANDED WITH INSTRUCTIONS.

. Citations herein to "(J.A. -)" refer to the contents of the Joint Appendix filed by the parties in this appeal.

. Both parties agree that diplomatic assurances reflecting agreement between parties to an extradition treaty are to be enforced by the courts.

. The indictment also included a criminal forfeiture allegation.

. The Government dismissed Count 18.

. Additionally, Pileggi was ordered to pay restitution of $3,952,985 and to forfeit $8,381,962 to the United States.

. The First, Second, Sixth, Eighth, Ninth, Tenth, and District of Columbia circuits agree that plain-error review applies. See, e.g., United States v. Pakala, 568 F.3d 47, 56 (1st Cir.2009); United States v. Eads, 327 Fed.Appx. 671, 671-72 (8th Cir.2009); In re Sealed Case, 527 F.3d 188, 191-92 (D.C.Cir.2008); United States v. Ciappetta, 284 Fed.Appx. 854, 855 (2d Cir.2008); United States v. Cook, 550 F.3d 1292, 1297-98 (10th Cir. 2008); United States v. Vonner, 516 F.3d 382, 385-86 (6th Cir.2008); United States v. Waknine, 543 F.3d 546, 549 (9th Cir.2008). The Third and Seventh circuits, however, apply the reasonableness review that typically applies to sentencing. See, e.g., United States v. Sevilla, 541 F.3d 226, 230-31 (3d Cir.2008); United States v. Castro-Juarez, 425 F.3d 430, 433-34 (7th Cir.2005). This Court has previously held in unpublished opinions that plain-error review is appropriate. United States v. Flores-Ansencio, 297 Fed.Appx. 226, 227 (4th Cir.2008); United States v. Garcia, 233 Fed.Appx. 311, 312 (4th Cir.2007).